UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PRISCILLA FYNN-JACKSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE FIRE & CASUALTY INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO. 3:24-cv-05667-TL<br><br>ORDER ON STIPULATION |

This matter comes before the Court on the Parties' "Stipulation and Order on CR 35 Examination of Plaintiff." Dkt. No. 16. As the Stipulation has been submitted with a proposed order, the Court construes the submission as a motion. *See id.* at 5–6; *see also* Fed. R. Civ. P. 7(b)(1). For the reasons explained below, the Court DENIES the motion.

Under Federal Rule of Civil Procedure 35(a)(1), the Court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." But "an order for the physical or mental

examination of a party is not granted as of right." *Great West Life Assur. Co. v. Levithan*, 153 F.R.D. 74, 76 (E.D. Pa. 1994). Such an order "may be made only on motion for good cause and on notice to all parties to be examined." Fed. R. Civ. P. 35(a)(2). By the express terms of Rule 35(a), two requirements must be satisfied before a court orders a party to undergo a medical examination: (1) a party's physical (or psychological) condition must be "in controversy"; and (2) the movant must demonstrate "good cause" for the examination. *Schlagenhauf v. Holder*, 379 U.S. 104, 117 (1964); *Turner v. Imperial Stores*, 161 F.R.D. 89, 91–92 (S.D. Cal. 1995). The "in controversy" and "good cause" requirements "are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf*, 379 U.S. at 118.

Here, the Stipulation submitted by the Parties does not adequately address either requirement. *See generally* Dkt. No. 16. Therefore, under Rule 35 and *Schlagenhauf*, the Court has no basis for ordering Plaintiff's examination.

In general, a plaintiff's "[a]sserting a mental or physical injury in support of a claim 'provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.'" *Spaulding v. State Farm Mut. Auto. Ins. Co.*, No. C14-307, 2015 WL 11117848 (E.D. Wash. June 29, 2015) (quoting *Schlagenhauf*, 379 U.S. at 118). And the fact that the Parties have stipulated to Plaintiff's examination here "may reflect [Plaintiff's] concession that her physical condition is at issue." *Johnson v. State Farm Mut. Auto. Ins. Co.*, No. C20-5208, 2021 WL 1795727, at *2 (W.D. Wash. Mar. 10, 2021). But the Parties' Stipulation, as filed, only implicitly connects the proposed examination to the instant litigation,

and it is silent as to what specific subjects the examination will inquire into. Consequently, the Court cannot conclude that the movant(s) have met their burden here under Rule 35.

The Court notes two additional deficiencies in the Stipulation. First, the Court has been requested to order that Plaintiff be examined under Washington Superior Court Civil Rule 35 ("CR 35"). Dkt. No. 16 ¶ 1. This case, of course, is a federal civil action; it is duly governed by the Federal Rules of Civil Procedure, not the rules of state court.[1] Second, the Court notes an ambiguity in Paragraph 4, which states that "Dr. Coor shall conduct a neurological examination based upon general practices and standards in the profession that will not include any invasive testing, including, but not limited to, x-ray, CT scan or MRI testing." *Id.* ¶ 4. As presently written, the Court cannot determine whether "x-ray, CT scan or MRI testing" are contemplated as "invasive testing"; or whether these diagnostics are instead included within the stipulated ambit of "a neurological examination based upon general practices and standards in the profession."

Therefore, the Court DENIES the motion, with leave to re-file.

Dated this 30th day of December 2024.

Tana Lin
United States District Judge

---

[1] In any event, the Stipulation would be deficient even if CR 35 were applicable here. Federal Rule of Civil Procedure 35 and Washington CR 35 are substantially similar, and Washington courts have adopted the *Schlagenhauf* standard with respect to the "in controversy" and "good cause" requirements. *See Matter of Welfare of Green*, 14 Wn. App. 939, 942–43, 546 P.2d 1230 (1976).